**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**

DEREK YOUNG,

    Plaintiff,

v.                                            CASE NUMBER:
                                                  HONORABLE:

CITY OF BATTLE CREEK, GARRETT DAY, and
ROBERT HENLEY, in their individual and official capacities,

    Defendants.
_____/

CHRISTOPHER TRAINOR & ASSOCIATES
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
KRYSTINA R. DOSS (P77365)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
shawn.cabot@cjtrainor.com
krystina.doss@chtrainor.com
_____/

**COMPLAINT AND JURY DEMAND**

      **NOW COMES** Plaintiff, by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for his Complaint against the above-named Defendants states as follows:

1.     Plaintiff is a resident of the City of Battle Creek, County of Calhoun, State of Michigan.

2.     Defendant City of Battle Creek is a municipal corporation and governmental subdivision which is organized and existing under the laws of the State of Michigan.

3.     Defendants Garrett Day and Robert Henley are and/or were police officers employed by the City of Battle Creek and were working as police officers for the City of Battle Creek Police Department; and at all times mentioned herein were acting under color of law, in their individual and official capacities, and within the course and scope of their employment.

1

4. That all relevant events giving rise to this lawsuit occurred in the County of Calhoun, State of Michigan.

5. That this lawsuit arises out of Defendants' violations of Plaintiff's federal constitutional rights as secured by the Fourth Amendment to the United States Constitution, and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. §1983.

6. That jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 [federal question]. 28 U.S.C. § 1343 [civil rights].

7. That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) not including interest, costs, and attorney fees.

## **FACTS**

8. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

9. That in the late evening hours of July 24, 2021, Defendants Garrett and Henley traveled to an address on Howland Street, located in the City of Battle Creek, to encounter an individual by the name of Anthony Robinson, II.

10. Plaintiff was standing in the front yard of the residence when Defendants Garrett and Henley arrived, minding his own business and otherwise not doing anything suspicious, dangerous, or unlawful.

11. When Defendants arrived and approached the residence, Defendant Garrett told Mr. Robinson to "stop" and approach him; but no such instructions, nor any instructions for that matter, were given to Plaintiff.

12. Then, for no reason whatsoever and without warning or other legal justification, Defendant Garrett grabbed Plaintiff.

13.     Defendants Henley and Garrett then both grabbed Plaintiff, and Defendant Henley began to handcuff Plaintiff while Plaintiff was standing in the front yard of the residence and not resisting.

14.     While Plaintiff was not resisting and Defendant Henley was in the process of handcuffing Plaintiff, without warning to Plaintiff, Defendant Garrett kicked Plaintiff's right foot out from underneath him, and then Defendants Garrett and Henley unlawfully and forcefully took Plaintiff to the ground; at which Point Defendant Henly handcuffed Plaintiff behind his back.

15.     Defendant Garrett falsely arrested Plaintiff for resisting and obstructing, despite there not being any reasonable suspicion to detain Plaintiff in the first place, nor probable cause to arrest Plaintiff.

16.     At the conclusion of the preliminary examination, which was conducted by Judge Michelle L. Richardson of the Tenth Judicial District Court in Calhoun County on December 14, 2021, the criminal charges against Plaintiff were dismissed.

17.     That as a direct and proximate result of Defendants' unreasonable and/or unlawful actions and/or inactions, Plaintiff suffered injuries and damages.

## COUNT I
## VIOLATION OF THE FOURTH AMENDMENT
## 42 U.S.C. § 1983 EXCESSIVE FORCE

18.     Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

19.     At all relevant times mentioned herein, Defendants Garret and Henley acted under color of law, within the course and scope of their employment, and in their individual and official capacities.

20.     Defendants violated Plaintiff's clearly established and federal protected rights as set forth under the United States Constitution and the Amendments thereto, including but not limited to the

Fourth Amendment to the United States Constitution which guarantees the right to be free from unreasonable searches and seizures, including but not limited to the right to be free from excessive or unreasonable uses of force and/or the right to have a police officer intervene on one's behalf and stop unreasonable force from being used.

21. The actions and/or inactions of Defendants Garrett and Henley were at all times objectively unreasonable and in violation of Plaintiff's clearly established rights under the Fourth Amendment to the United States Constitution; and which proximately resulted in injuries and damages to Plaintiff.

22. Defendants are not entitled to qualified immunity because they violated Plaintiff's clearly established Fourth Amendment rights as referenced herein.

23. As a proximate result of the violations and/or deprivations of Plaintiff's constitutional rights committed by Defendants Garrett and Henley, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983 together with costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) not including interest, attorney fees, and costs.

### COUNT II
### VIOLATION OF THE FOURTH AMENDMENT
### 42 U.S.C. § 1983 UNLAWFUL SEIZURE AND DETAINMENT

24. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

25. The Fourth Amendment to the United States Constitution establishes that Plaintiff has the right to be free from the deprivation of life, liberty, and bodily security without due process of law and to be free from unreasonable searches, seizures, and detainments.

26. The Fourth Amendment to the United States Constitution also requires law enforcement to have reasonable suspicion of criminal conduct in order to detain a citizen.

27. At all relevant times mentioned herein, Defendants Garret and Henley acted under color of law, within the course and scope of their employment, and in their individual and official capacities.

28. Defendants Garrett and Henley acted unreasonably and otherwise violated Plaintiff's well-established constitutional rights when they unlawfully seized and/or detained Plaintiff when he had not committed, was not committing, and was not about to, commit any crime whatsoever.

29. The actions and/or inactions of Defendants Garrett and Henley were at all times objectively unreasonable and otherwise in violation of Plaintiff's clearly established rights under the Fourth Amendment to the United States Constitution; and which proximately resulted in injuries and damages to Plaintiff.

30. Defendants are not entitled to qualified immunity because they violated Plaintiff's clearly established Fourth Amendment rights as referenced herein.

31. As a proximate result of the violations and/or deprivations of Plaintiff's constitutional rights committed by Defendants Garrett and Henley, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983 together with costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) not including interest, attorney fees, and costs.

### COUNT III
### VIOLATION OF THE FOURTH AMENDMENT
### 42 U.S.C. §1983 FALSE ARREST

32. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

33. That the Fourth Amendment to the United States Constitution establishes that Plaintiff has the right to be free from the deprivation of life, liberty, and bodily security without due process of law and to be free form unreasonable searches and seizures.

34. At all material times, Defendant Garrett was acting under color of law and unreasonably when he violated Plaintiff's well-established Fourth Amendment rights by falsely arresting Plaintiff for resisting and obstructing; the charges which were ultimately dismissed.

35. The actions and/or inactions of Defendants Garrett were at all times objectively unreasonable and otherwise in violation of Plaintiff's clearly established rights under the Fourth Amendment to the United States Constitution; and which proximately resulted in injuries and damages to Plaintiff.

36. Defendant Garrett is not entitled to qualified immunity because he violated Plaintiff's clearly established Fourth Amendment rights as referenced herein.

37. As a proximate result of the violations and/or deprivations of Plaintiff's constitutional rights committed by Defendant Garrett, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983 together with costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) not including interest, attorney fees, and costs.

## COUNT IV
## CITY OF BATTLE CREEK'S CONSTITUTIONAL VIOLATIONS

38. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

39. Defendant City of Battle Creek acted recklessly and/or with deliberate indifference when it practiced and/or permitted customs, policies, and/or practices that resulted in constitutional violations to Plaintiff.

40. These customs, policies, and/or practices included but were not limited to the following:

   a. Failing to train and/or supervise its police officers so as to prevent violations of citizens' constitutional rights;

   b. Failing to adequately train and/or supervise its police officers regarding the proper uses of force;

   c. Failing to adequately train and/or supervise its police officers regarding lawful detainment of citizens;

   d. Failing to adequately train and/or supervise its police officers regarding reasonable seizures;

   e. Failing to adequately train and/or supervise its police officers regarding probable cause and the lawful effectuating of arrests; and

   f. Failing to supervise, review, and/or discipline its police officers whom Defendant City of Battle Creek knew or should have known were violating or were prone to violating citizens'

constitutional rights, thereby permitting and/or encouraging its police officers to engage in such conduct.

41. Defendant City of Battle Creek's conduct demonstrated a substantial lack of concern for whether an injury resulted.

42. Defendant City of Battle Creek's acts and/or indifference and/or omissions were the direct and proximate cause of Plaintiff's injuries and damages.

43. The facts set forth in the preceding paragraphs constitute a violation of Plaintiff's Fourth Amendment rights pursuant to 42 U.S.C. § 1983, and Plaintiff has a viable claim for compensatory and punitive damages plus interest, costs, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) not including interest, attorney fees, and costs.

Respectfully Submitted,

CHRISTOPHER TRAINOR & ASSOCIATES

**/s/ Shawn C. Cabot**
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
KRYSTINA R. DOSS (P77365)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
shawn.cabot@cjtrainor.com

Dated:  January 3, 2023
KRD/scc

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**

DEREK YOUNG,

    Plaintiff,

v.                                                                                              CASE NUMBER:
                                                                 HONORABLE:

CITY OF BATTLE CREEK, GARRETT DAY, and
ROBERT HENLEY, in their individual and official capacities,

    Defendants.
_____/
CHRISTOPHER TRAINOR & ASSOCIATES
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
KRYSTINA R. DOSS (P77365)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
shawn.cabot@cjtrainor.com
krystina.doss@chtrainor.com
_____/

**<u>DEMAND FOR TRIAL BY JURY</u>**

9

**NOW COMES** Plaintiff, by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and here by makes a Demand for Trial by Jury in the above-captioned matter.

Respectfully Submitted,

CHRISTOPHER TRAINOR & ASSOCIATES

**/s/ Shawn C. Cabot**
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
KRYSTINA R. DOSS (P77365)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
shawn.cabot@cjtrainor.com

Dated:  January 3, 2023
KRD/scc